The action was on an insurance policy. The defendant set up, among other things, that the amount of the loss had been settled by arbitration and was no longer an open question.
The policy of insurance contained the following stipulation:
"Proceedings in Case of Loss. — It being understood and agreed that all proceedings after a loss shall be in accordance with the terms and stipulations printed on the back of this policy, which are hereby declared to be a part of this contract, and are to be resorted to in order to determine the rights and obligations of the parties hereunto."
(184) Endorsement on Policy. — "The sound value and the loss or damage to property partially or totally destroyed (unless the amount of said loss or damage is agreed upon between the assured and this company) shall, at the written request of either party, be determined by an appraisal of each article of personal property, or by an estimate in detail of a building, by competent and impartial persons, one to be selected by this company and one by the assured; and when either party demands it, the two so chosen shall select a third person to *Page 155 
act with them in case of disagreement; and said persons so selected shall form a board of appraisers; and the award, under oath, of any two, in writing, shall be binding and conclusive as to such sound value, loss or damage; but no appraisal nor agreement for appraisal shall be construed under any circumstances as an admission of the validity of said policy or of this company's liability thereon, or a waiver of any condition of said policy. Each party to pay its own and one-half the expense of the third appraiser.
"The award of the appraisers, in writing, under oath, shall form a part of the preliminary proofs hereby required; and until sixty days after such proofs and certificates are received by this company, books and vouchers procured, and examinations permitted, the loss shall not be payable."
The defendant offered in evidence the submission to appraisers, the oath of appraisers and their award, all in writing. The plaintiff objected. The objection was sustained and the evidence excluded.
His Honor held that the agreement to submit to appraisers and the award of the appraisers were not competent evidence for any purpose or in any way, either to support the plea of arbitrament and award or as a binding agreement upon the parties thereto. The defendant excepted.
The award was strictly within the terms of the submission, and was definite and full.
His Honor held "that the agreement to submit to appraisers and the award of the appraisers were not competent for any purpose or in any way, either to support the plea of arbitrament and award, or as a binding agreement upon the parties thereto."
The contrary was decided at the last term of this Court in Mfg. Co. v.Assurance Co., 106 N.C. 28. In addition to the many authorities cited in that case, we will now add the recent case of Hamilton v. Ins. Co.,136 U.S. 242.
In justice to the learned judge who tried this case, we will remark that the questions passed upon by him had not then been decided by this Court.
Reversed.
Cited: Herndon v. Ins. Co., post, 195. *Page 156